IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED HUMANITY,**
    **Plaintiff/Applicant**
**Kimberly L. McGowen, as Trustee for**
**KIMBERLY L. MCGOWEN**
    **Plaintiff/Applicant**
v.                                              CASE NO.  2:24-cv-1708-AMM

**JP MORGAN CHASE BANK, NA**
**Aka Chase Auto Finance**
    **Defendant**
**Loss Prevention Services**
    **Defendant**

### DEFENDANTS' MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

### I.  INTRODUCTION

Plaintiffs United Humanity and Kimberly L. McGowen seek relief in this matter relating to the repossession of an automobile.  They contend that their Fourth Amendment rights were violated when the vehicle was "seized" by Defendants JPMorgan Chase Bank, NA ("Chase") and Loss Prevention Services ("LPS") without a warrant.  They also argue that they subsequently satisfied their financial obligations relating to the vehicle through "a Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay, in the amount of $6,768.44."  *See* ECF No. 1-1 at 9.  None of Plaintiffs' claims are plausible.  Not only is the Fourth Amendment inapplicable to the self-help repossession of collateral, Plaintiffs'

1

"vapor money" payment allegations have been invariably rejected. Thus, this action and all of Plaintiffs' claims against the Defendants should be dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

## II.   PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

Plaintiff Kimberly McGowen purchased a new 2020 Jaguar F-Pace automobile on February 27, 2020. *See* Exhibit "A." The Certificate of Title for the provided that Chase was the "1ST LIENHOLDER" on the vehicle.[1] *See* Exhibit "A."

Chase supposedly retained Tri-State Recovery to "seize" the vehicle on October 31, 2024, at around 5:30 p.m. *See* ECF No. 1-1 at 10. It then moved the collateral to a "secured lot" at 2513 24th Avenue in Birmingham. *See* ECF No. 1-1 at 10. Four days after the repossession (November 4, 2024), Plaintiffs alleged that a "Defendant" received "a Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay," in the amount of $6,768.44. *See* ECF No. 1-1 at 9. Plaintiff Kimberly McGowen had supposedly received a "Bill of Exchange Late Notice" in that amount relating to the vehicle. *See* ECF No. 1-1 at 9. Since then Plaintiffs

---

[1] Based upon the Complaint and the Certificate of Title it is not clear what, if any, interest Plaintiff United Humanity has in the vehicle in question. *See* ECF No. 1-1; Exhibit "A." However, Plaintiff Kimberly McGowen was the designated "owner" of the vehicle in the Certificate of Title. *See, e.g., Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) ("At least one plaintiff must have standing to seek each form of relief requested in the complaint.").

have "communicated extensively with the Defendants . . . in an effort to secure the vehicle and personal property." *See* ECF No. 1-1 at 10.

Plaintiffs filed this action in the Circuit Court of Jefferson County on November 8, 2024.[2] *See* ECF No. 1-1 at 8. The Complaint asserts that Plaintiffs' vehicle was "seized" by Chase and/or its agents on October 31, 2024. *See* ECF No. 1-1 at 10. Although they concede Chase "owns a promise to pay" relating to the vehicle, Plaintiffs contend that they are entitled to judicial protection of their rights in their "effects" and "property." *See* ECF No. 1-1 at 8. They assert the "guiding 'LAW'" in this action is the Fourth Amendment to the U.S. Constitution, which prohibits "unreasonable searches and seizures." *See* ECF No. 1-1 at 9. In repossessing the vehicle without a "warrant" under the Uniform Commercial Code (UCC), Plaintiffs contend that Defendants proceeded "under 'Color of Law'" in violation of the Fourth Amendment. *See* ECF No. 1-1 at 9. They further argue that the provisions of the Alabama UCC that permit self-help repossession, Ala. Code § 7-9A-609, are "VOID AB INITIO." *See* ECF No. 1-1 at 9. Plaintiffs also contend that Defendants received "a Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay, in the amount of $6.768.44" relating to the vehicle

---

[2] It appears that the Alabama State Bar "summarily suspended" Plaintiffs' counsel effective January 17, 2024, under Rule 20(a) of the Alabama Rules of Disciplinary Procedure, as noted on its website.

on November 4, 2024. *See* ECF No. 1-1 at 9. Plaintiffs demand that Defendants be ordered to "release" the vehicle to them "immediately," and return certain items of personal property. *See* ECF No. 1-1 at 8 & 10.

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the "formal sufficiency" of the claim for relief. *See* 5B Wright & Miller, Fed. Prac. & Proc. § 1356 (4th ed.); *Wilborn v. Jones*, 761 Fed. Appx. 908, 910 (11th Cir. 2019). To survive such a motion, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[a] plaintiff must plausibly allege all the elements of the claim for relief." *See Feldman v. American Dawn, Inc.*, 849 F.3d 1333, 1340 (11th Cir. 2017). Although "well-pleaded factual allegations" are taken as true, the Court need not accept the plaintiff's "legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 67-79 (2009). The rule also "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citation omitted). In determining plausibility, the court must also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," such as "public records." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Miley v. Burns*, 2023 WL 4447021, at * 1 (11th Cir. July 11, 2023);

*Universal Express, Inc. v. United States Securities & Exchange Comm.*, 177 Fed. Appx. 52, 53 (11th Cir. Apr. 18, 2006).

## IV.  ARGUMENT

**A.  <u>Plaintiffs' Complaint is an improper pleading that does not meet the federal pleading standard and must be dismissed in its entirety.</u>**

To avoid dismissal under Rule 12(b)(6), a complaint must contain specific factual matter sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).  Under Rule 8's "plain statement" standard, a plaintiff's allegations must give a defendant fair notice of what the claims are and the grounds upon which they rest.  *See Bell Atlantic Corp.*, 550 U.S. at 555. Here, Plaintiffs' Complaint fails to meet this mark.

In the Complaint, Plaintiffs generally allege that Defendants "have proceeded under 'Color of Law' . . . ." along with general references to a repossession.  *See* ECF No. 1-1 at 9.  Rather than comply with Rule 8's pleading requirements, Plaintiffs filed an improper "shotgun pleading." *See, e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (dismissing complaint as a shotgun pleading

because there was "no logical connection between the conclusory statements of legal violations and the factual allegations" and because of the complaint's "failure to link factual allegations to specific counts").

District courts have the authority to dismiss complaints on shotgun pleading grounds as part of their inherent authority to control their dockets and ensure the prompt resolution of lawsuits. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Collier v. Buckner*, 303 F. Supp. 3d 1232, 1240-41 (M.D. Ala. 2018). As stated by the United States Supreme Court, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

The entirety of Plaintiffs' Complaint is a "pleading that is so . . . ambiguous that it is almost impossible to discern precisely what it is that these [Plaintiffs] are claiming." *See Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). The Complaint here does not provide Defendants with fair notice of Plaintiffs specific claim, partly because crucial information is missing. For example, outside of outlining the alleged relationship between Chase and LPS, the Complaint makes multiple references to a singular "Defendant" without specifying the party engaging

in alleged conduct. *See generally* ECF No. 1-1. Moreover, Plaintiffs do not allege any relevant specific facts in support of their federal claim and what purported actions, if any, were taken by Chase as opposed to actions allegedly taken by the co-defendant, LPS. *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

Without in any way describing specific purported actions and alleging an understandable cause of action, Plaintiffs fail to advance any allegations connecting Defendants to any purported wrongdoings within the Complaint. Because nothing in the Complaint offers any insight into the connection between Defendants and the allegations of the Complaint, the Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety.

**B. To the extent Plaintiffs have satisfied the federal pleading standard, Plaintiffs fail to state a claim under Rule 12(b)(6).**

Plaintiffs contend that the "guiding" authority in this matter is the Fourth Amendment, which prohibits "unreasonable searches and seizures" of property. *See* ECF No. 1-1 at 9. They further argue that the Defendants "proceeded under 'Color of Law'" when they repossessed the vehicle pursuant to Ala. Code § 7-9A-69, and that they subsequently satisfied their obligations by providing Chase with a "Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay, in the amount of $6,768.44." *See* ECF No. 1-1 at 9. All of Plaintiffs' theories for relief are implausible.

First, the Fourth Amendment is not applicable in this matter. *See* ECF No. 1-1 at 9. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." *See* U.S. Const. amend IV. While the Fourth Amendment is applicable to states through the Fourteenth Amendment, neither provision is applicable to "private" parties. *See Virginia v. Rives*, 100 U.S. 313, 318 (1879) ("The provisions of the Fourteenth Amendment of the Constitution we have quoted all have reference to State action exclusively, and not to any action of private individuals."); *United States v. Castaneda*, 997 F.3d 1318, 1327 (11th Cir. 2021) ("The Fourth Amendment 'is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'").

Private parties also do not act under "color of law" merely by invoking "state legal procedures." *See Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1252 (11th Cir. 1985) (internal quotation marks omitted).[3] In particular, a private party's right to self-help repossession under the UCC and a security agreement "lack[s] [the] requisite state action" to support any putative claim for constitutional violations. *See Brantley v. Union Bank & Trust Co.*, 498 F.2d 365, 365-66 (11th Cir. 1974) (rejecting Constitutional challenge to Alabama UCC); *see also Ford Motor Credit Co. v. Ryan*, 939 N.E.2d 891, 911 (Ohio App. 2010) (collecting cases); *Benschoter v. First National Bank of Lawrence*, 542 P.2d 1042, 1046 (Kan. 1975) (collecting cases).

Here, Plaintiffs do not allege any factual basis to support a Fourth Amendment claim. *See* ECF No. 1-1. Neither Chase nor LPS are government actors who could potentially be liable for any constitutional violations. *See* ECF No. 1-1. Rather, Chase holds a security agreement in the vehicle that allowed it to repossess the collateral in the event of a default. *See* Exhibit "A." The UCC also expressly permits a secured party to exercise self-help repossession in the event of a default, "without judicial process, if it proceeds without breach of the peace." *See* Ala. Code § 7-9A-609(b)(2). Neither Defendant acted under "color of law" by merely exercising its

---

[3] "The statutory 'under color of law' requirement [in Section 1983] is equivalent, although not identical, to the constitutional doctrine of state action." *See Cobb*, 757 F.2d at 1250.

rights under the UCC. *See Cobb*, 757 F.2d at 1252. Thus, no plausible Fourth Amendment claim is stated relating to the repossession of the 2020 Jaguar.

<u>Second</u>, Plaintiffs contend that they satisfied their financial obligations relating to the underlying obligation after the repossession. *See* ECF No. 1-1 at 9. In particular, they argue that the debt was satisfied with "a Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay," on November 4, 2024. *See* ECF No. 1-1 at 9. This same "vapor money" theory has been consistently deemed frivolous, and therefore must be dismissed.

Courts throughout the nation have uniformly rejected "vapor money" claims advanced to avoid repayment obligations and financial commitments:

> The genesis of the vapor money theory is that the decision by the United States in 1933 to discard the gold standard resulted in the federal government's bankruptcy, after which lenders have been creating unenforceable debts because they are lending credit rather than legal tender. Accordingly, under the vapor money theory, a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency. The essence of the vapor money theory is that the promissory notes (and similar instruments) are the equivalent of money that citizens literally create with their signatures.

*See Thomas v. All In Credit Union*, 2023 WL 9197752, at * 6 (S.D. Ala. Dec. 7, 2023) (citing *Brown v. Selene Financial LP*, 2023 WL 3335060, at * 4 (N.D. Ga. Apr. 10, 2023)). As the Eleventh Circuit has held, "[t]his theory is nonsensical and fundamentally misunderstands how negotiable instruments work." *See Price v. Lakeview Loan Servicing, LLC*, 2022 WL 896816, at * 3 (11th Cir. Mar. 28, 2022);

*Watts v. Wells Fargo Dealer Services, Inc.*, 2017 WL 2289111, at * 3-4 (N.D. Ala. May 25, 2017).

Plaintiffs do not allege that they actually paid the amount owed for the vehicle in question. *See* ECF No. 1-1. Rather, they argue that they fulfilled their outstanding financial obligations to pay for the 2020 Jaguar with a bogus "Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay." *See* ECF No. 1-1 at 9. That instrument was not "the equivalent of money" that they could "create with their signatures." *See Thomas*, 2023 WL 9197752, at * 6. And their contention that their obligations were satisfied through it is "patently ludicrous." *See Watts*, 2017 WL 2289111, at * 4 (internal quotation marks omitted). Thus, their "vapor money" claims must be dismissed as implausible. *See* Fed. R. Civ. P. 12(b)(6).

## V.     CONCLUSION

Plaintiffs fail to allege a decipherable claim that meets the federal pleading standard. However, even if Plaintiffs' Complaint were to satisfy the federal pleading standard, the Fourth Amendment is completely inapplicable to the repossession of the 2020 Jaguar. Plaintiffs also could not satisfy their obligation to repay the underlying indebtedness through a bogus "Negotiable Instrument, Bill of Exchange, Unconditional Promise to Pay." *See* ECF No. 1-1 at 9. Thus, this action and all of Plaintiffs' claims against Chase and LPS should be dismissed with prejudice.

Respectfully submitted this 20th day of December, 2024.

**JPMORGAN CHASE BANK, NA AND LOSS PREVENTION SERVICES**

*/s/ Denzel E. Okinedo*
Denzel E. Okinedo (ASB-1195-H21C)

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
dokinedo@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the parties served do not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 20th day of December, 2024:

William H. McGowen III
4215 Cliff Road South
Birmingham, AL  35222
Telephone (205) 422-4296
billy@giving4life.com

*/s/ Denzel E. Okinedo*
Denzel E. Okinedo